WATSON, Judge.
Plaintiff, Eddie Martin, filed this suit, individually, and on behalf of his minor daughter, Mary Elizabeth Martin, to recover damages for personal injuries to the minor inflicted by defendant, Lucille Richard. An additional plaintiff is the minor’s mother, Mrs. Mary Delores Martin. Also made defendant was the City of Opelousas, the owner of North City Park, where the occurrence took place on Sunday, August 12, 1973. An additional defendant is Appalachian Insurance Company, an insurance corporation insuring the City of Ope-lousas against public liability. A third party demand was filed by Appalachian Insurance Company and Lucille Richard against Employers Commercial Union Insurance Company, the insurance carrier for the police department of the City of Opelousas. Another third party demand was filed by Employers Commercial Union against Appalachian. It was not determined whether Lucille Richard was employed by the City of Opelousas or by the police department. The trial court concluded that Lucille Richard struck and injured Mary Elizabeth Martin with a slapjack but that Lucille Richard was not acting in the course and scope of employment, either as a police officer or as an employee of the city recreation department, at the time. Judgment was given against Lucille Richard, individually, for $500.00, together with certain *669 medical expenses. Judgment was rendered in favor of defendants, the City of Opelou-sas, Appalachian Insurance Company and Employers Commercial Union Insurance Company. Both third party demands were dismissed with prejudice.[1] Employers Commercial Union Insurance Company and the City of Opelousas deposited $561.59 for payment of the judgment in the registry of the court. Plaintiffs have appealed.
Plaintiffs contend that the trial court erred: in holding that the battery did not affect Miss Martin’s menstrual cycle; in awarding only $500 in damages; and in finding that Lucille Richard was not acting in the course and scope of employment at the time of the battery.
Since the judgment has been paid by the City of Opelousas and the insurer for the police department of the City of Opelousas, Employers Commercial Union, the question of whether Mrs. Richard was in the course and scope of employment is immaterial unless the record indicates an abuse of discretion by the trial court in its award of damages.
The first question presented is whether or not the award of damages is so inadequate as to constitute an abuse of discretion.
The medical evidence consists of reports by Dr. D. J. deBlanc who first saw Mary Martin on January 19, 1974, and the deposition of Dr. D’Orsay D. Bryant, an obstetrician and gynecologist in Baton Rouge, Louisiana, who examined Miss Martin on June 11, 1974.
Miss Martin complained to Dr. Bryant on June 11, 1974, of secondary amenorrhea or cessation of her menstrual periods. She gave a history of regular menstruation commencing in June, 1972, ending after the episode in August, 1973. Dr. Bryant found no other physical problems and stated his opinion that there could be a causal relationship between the incident and the secondary amenorrhea. Dr. Bryant saw Miss Martin again on July 17, 1974, and September 4, 1974. Her condition had not changed at the time of his last examination. Dr. Bryant said that secondary ame-norrhea is a common problem in adolescent females and can result from emotional, organic or functional causes.
It was stipulated that Dr. deBlanc’s reports would be received in evidence in lieu of his testimony. Dr. deBlanc observed muscle spasms in the lower thoracic spine on his first examination, January 19, 1974. Bruises were still evident on February 11, 1974, and Miss Martin had definite muscle spasms. On March 25, 1974, there was tenderness in the same area.
Lucille Richard testified that the incident involved a fight between her granddaughter, Sandra Richard, and Mary Martin, in which she intervened.
Alfred Malveaux, Richard Jones and Donna Gay Charles witnessed the fight between the two girls and said Mrs. Richard struck Mary Martin with a blackjack.
Mary Martin testified that Sandra Richard instigated the fight and that Mrs. Lucille Richard struck her with a blackjack that August Sunday afternoon. Mary went to Dr. Bertrand the following morning. Mary was 13 at the time and was unable to play volleyball or basketball or run track when school started in September. She saw four doctors in all, Dr. Bertrand, Dr. Gaar, Dr. deBlanc and Dr. Bryant. Mary said she was in pain for two or three months after the accident. Her periods ceased for nearly a year and she had trouble with her back. At the time of trial in February, 1975, her periods had resumed on a regular basis.
Mary Delores Martin testified that her daughter went to Dr. Bertrand the Monday morning after the accident; her daughter’s *670 periods ceased after the accident for a period of nine or ten months or longer. Mary complained of pain for five or six months after the accident and was unable to participate in school activities for two months after school started in September.
Sandra Richard testified that she lives with her grandmother, Lucille Richard, and was involved in an altercation at the park with Mary Martin. Sandra hit Mary, and Mary fell against a car. The fight continued approximately twenty minutes and it was stopped by Sandra’s grandmother, Lucille Richard, whom Sandra calls mother.
Although the reports of Dr. D. J. deBlanc and the deposition of Dr. D’Orsay D. Bryant might indicate a larger award for Mary’s injuries, Dr. deBlanc did not see her until January 19, 1974, five months after the injury, and Dr. Bryant first saw her on June 11, 1974, approximately 10 months post-injury. The record is void of any reports, depositions or testimony from the first two doctors who saw Mary Martin, Dr. Charles C. Bertrand and Dr. J. Frazer Gaar. The absence of any corroboration from these doctors creates some question about the causal connection between the incident and the physical symptoms exhibited later and may have influenced the trial court’s award of damages. The testimony of Mary Martin and her mother as to the connection was uncontra-dicted but was weighed and considered by the trial court. Evaluation of these witnesses’ credibility is properly within the province of the trier of fact. The amount awarded, while modest, is not so inadequate as to constitute an abuse of the trier of fact’s much discretion in assessing damages. LSA-C.C. art. 1934.
Since the record reveals no abuse of the trial court’s discretion in the award of damages, no purpose would be served by considering the question of whether Mrs. Lucille Richard was in the course and scope of her employment at the time of the battery.
For the foregoing reasons, the judgment of the trial court is affirmed. All costs of this appeal are assessed to plaintiffs-appellants, Eddie Martin, individually, and as administrator of the estate of his minor daughter, Mary Elizabeth Martin, and Mrs. Mary Delores Martin.
AFFIRMED.
DOMENGEAUX, J., concurs in part and dissents in part and assigns written reasons.

. There is some question as to the disposition of the third party demands; however, under our resolution of the issues the possible procedural problems are moot.